**0IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

DANIEL LOPEZ and
DEBBIE LOPEZ,

Plaintiff,

v.

THE TRAVELERS HOME AND
MARINE INSURANCE COMPANY,

Defendant.

---

**NOTICE OF REMOVAL**

---

Defendant, The Travelers Home and Marine Insurance Company ("Travelers"), through its attorneys and pursuant to 28 U.S.C. §§ 1441(a) and 1446 and D.C.COLO.L.Civ.R. 81.1, removes this civil action from the District Court, Arapahoe County, Colorado to the United States District Court for the District of Colorado. As grounds, Travelers states as follows:

1. Travelers is the Defendant in a civil action pending in the District Court, Arapahoe County, Colorado and styled *Daniel Lopez and Debbie Lopez v. The Travelers Home and Marine Insurance Company*, Case No. 2019 CV 31765. Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR. 81.1A, the *Register of Actions* **(Exhibit C)** and a complete copy of the file from the Arapahoe County District Court is attached as **Exhibits A-F.**

2. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), because it is filed within one year of the commencement of this action and within thirty days of the date on

which this case first became removable. Plaintiffs served the Complaint on Travelers on August 8, 2019. **Exhibit D,** *Return of Service.* Accordingly, Travelers' thirty-day period for removal commenced on that date, with a corresponding deadline to remove of September 7, 2019.

3. The described civil action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a), as the action is one between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Plaintiffs allege the following claims for relief against Travelers: (1) breach of contract; and (2) unreasonable delay and denial of covered benefits pursuant to C.R.S. §§ 10-3-1113(3), 1115, and 1116;

**Diversity of Citizenship**

5. As alleged in the Complaint, Plaintiffs are individuals who are and were at all relevant times residents of Arapahoe County, Colorado, which makes Plaintiffs citizens of Colorado. **Exhibit A,** *Complaint,* ¶3. Defendant Travelers is a foreign corporation with its principal place of business located in the state of Connecticut. *See Certificate of Good Standing* attached as **Exhibit G.** As Plaintiffs are domiciled in and therefore citizens of Colorado, and Defendant is a citizen of Connecticut, there is complete diversity of citizenship among the parties. 28 U.S.C. § 1332.

**Amount in Controversy Exceeds Jurisdictional Requirements**

6. Plaintiffs' Complaint alleges claims for breach of contract and statutory bad faith pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116. **Exhibit A** at ¶¶ 16-25. Plaintiffs have filed a civil cover sheet with the Complaint indicating that Plaintiff seeks a monetary judgment in excess of $100,000. **Exhibit B,** *Civil Cover Sheet. See Paros Properties LLC v. Colorado Cas. Ins. Co.*,

835 F.3d 1264, 1272-1273 (10th Cir. 2016) (civil cover sheet sufficient to demonstrate amount in controversy). In addition, Plaintiffs seek statutory attorney's fees pursuant to C.R.S. § 10-3-1116. **Exhibit A,** ¶25*; Prayers for Relief (*c). A reasonable estimate of the attorney's fees that would be required to litigate this action through trial coupled with the damages Plaintiffs seek to recover exceeds the jurisdictional threshold of $75,000. "The Supreme Court has long held that when a state permits recovery of attorney's fees, a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933))

7. "The amount in controversy is not proof of the amount the plaintiff will recover. Rather it is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Company*, 529 F.3d 947, 956 (10th Cir. 2008). Here, the allegations of Plaintiffs' Complaint and the Civil Cover Sheet providing that Plaintiffs seek a monetary judgment in excess of $100,000 demonstrate that the amount in controversy exceeds the $75,000 jurisdictional threshold in 28 U.S.C. § 1332(a).

8. Based on the foregoing, this Court has jurisdiction over this action under 28 U.S.C. § 1332(a), because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00. Accordingly, the matter is properly removed to this Court under 28 U.S.C. §§ 1441(a) and 1446.

9. Promptly upon filing this Notice of Removal, Travelers shall give written notice of the filing to Plaintiffs as required by law. Travelers is concurrently filing a notice attaching this

Notice of Removal with the Clerk of the Arapahoe County District Court, Colorado. A copy of that notice is attached hereto as **Exhibit H**.

WHEREFORE, Defendant Travelers requests that this Court accept its Notice of Removal and assume jurisdiction over this action.

Respectfully submitted this 29th day of August, 2019.

FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC

By: *s/ Wm. Ryan Walls*
Amy M. Samberg, Reg. 42999
Wm. Ryan Walls, Reg. 52093
700 17th Street, Ste. 1350
Denver, Colorado 80202
Telephone: (720) 336-2243
asamberg@fgppr.com
rwalls@fgppr.com
***Attorneys for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 29, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jonathan S. Sar
Sean B. Leventhal
Richard Daly
John Scott Black
Daly & Black, P.C.
2211 Norfolk Street, Suite 800
Houston TX 77098
Phone Number: 713-655-1405
Fax Number: 713-655-1587
Email: sleventhal@dalyblack.com
jsar@dalyblack.com
rdaly@dalyblack.com
jblack@dalyblack.com
ecfs@dalyblack.com
Attorneys for Plaintiff

*s/ Arlene Morhauser*
Arlene Morhauser